## James H. Gilbert

v.

## County of Cook.

*Statutes—Repeal by Implication Not Favored—Keeper of Jail—Power of County Commissioners Over.*

1. A subsequent general statute does not repeal a prior special statute though inconsistent therewith.

2. The amendment of 1887 making it the duty of the superintendent of public service to purchase supplies, etc., for county institutions, in terms excepts "those which are by law otherwise expressly provided for," and the jail is in that class.

3. The county board has no general legislative power and can not add to or subtract from the powers and duties of the keeper of the jail as prescribed by statute.

[Opinion filed March 4, 1892.]

Appeal from the Circuit Court of Cook County; the Hon. S. P. McConnell, Judge, presiding.

Mr. E. R. Bliss, for appellant.

The law vests in the sheriff alone the authority to manage the jail, including the purchase of all supplies necessary for the prisoners therein. Chap. 75, R. S., entitled, Jails and Jailers.

The extent of the power of the county board, with reference to the jail, is to provide a suitable jail building and keep it in repair. Chap. 34, R. S., Sec. 26, Counties; Goff v. Douglas County, 132 Ill. 323.

The act of 1887, amending sections 61 and 62 of an act entitled, "An act to revise the law in relation to counties," does not in express terms or by implication enlarge the powers of the county board in the matter of the management of the jail as vested in the sheriff by Chap. 75, R. S.; Ses. L., Legal News Ed., 118; Starr & C. Ill. Stats., Vol. 3, 134.

The county board can exercise the following powers, and

no others: "First, those granted in express words; second, those necessarily or fairly implied in or incident to the powers expressly granted; and third, those essential to the declared objects and purposes of the corporation, not simply convenient, but indispensable." Cook County v. McCrea, 93 Ill. 236.

Messrs. FRANCIS W. WALKER and EDWARD J. JUDD, for appellee.

GARY, J. The facts of this case are shown by a stipulation between the parties as follows:

"That the amount sued for is $1,267.72, being the actual cost and expense of keeping, maintaining and furnishing the jail of Cook County, Illinois, between the 1st and 15th days of January, 1891, and was expended by the plaintiff as sheriff and *ex officio* jailer of said county for the articles mentioned in the bill of particulars attached to the declaration herein; that the plaintiff entered into the office of sheriff of said county on the first Monday in December, 1890, and had not at any time prior to the passage of the resolution of December 26, 1890, applied to the county board for supplies, clothing, bedding, etc., by requisition or otherwise, for the use of said jail; that during the time the plaintiff furnished the articles mentioned in said bill of particulars the county board of said county had fixed no compensation to cover the actual cost of dieting each prisoner, nor had made any other provision therefor, nor for the furnishings of said jail other than that contained in the resolution of December 26, 1890, which resolution, as set out in the defendant's additional plea, is admitted to be a true copy of the resolution as passed by the county board; that the plaintiff presented his bill to the county board in due form, which was by said board disallowed on the ground of non-compliance with the said resolution of December 26, 1890."

The resolution referred to as the resolution of December 26, 1890, and which was set out in defendant's additional plea, is as follows:

" Resolved, that the sheriff, *ex officio* keeper of the jail, be and is hereby directed to make application to the superintendent of public service for such supplies for the feeding of the prisoners at the jail at such time, of such quality and in such quantity as he deems necessary and expedient, in the same manner as he now applies for their clothing, bedding, etc., and under the same rules as are applicable to the other public institutions of the county; and be it further

Resolved, that the superintendent of public service be and is hereby directed to ascertain the kind, quality and quantity of food necessary to enable the sheriff to serve such prisoner in the county jail with sufficient food, of a good quality, three times each day, and that the superintendent of public service thereupon advertise for bids for such food in the same manner as is now required by law for other institutions of the county; and be it further

Resolved, that the sheriff be and is hereby instructed to make application to the board for the necessary help to well prepare and to serve the food in sufficient quantity to serve the prisoners at the jail."

Upon these facts one question is whether the act of June 14, 1887, amending " an act to revise the law in relation to counties" (Session Laws of 1887, 150), affects the appellant as the keeper of the jail of Cook county; and if not, then had the county board the power to bind him by their resolutions? We think both questions are to be answered in the negative.

On the first question: The powers and duties of sheriffs as keepers of jails are specially detailed in Chap. 75, R. S., " Jails and Jailers," and if the amendment of 1887 affects them, it operates as a repeal by implication of a large portion of that chapter. Now repeal of statute by implication is not favored; and a subsequent general, does not repeal a prior special statute, though inconsistent. It is enough to refer to Butz v. Kerr, 125 Ill. 659, where many cases are cited. But in addition to these general principles, the amendment of 1887 making it the duty of the superintendent of public service to purchase supplies, etc., for county

institutions, in terms excepts " those which are by law other-wise expressly provided for;" and the jail is in that class.

On the second : The county board has no general legisla-tive authority; it can not add to nor subtract from the powers and duties of the keeper of the jail as prescribed by the statute.

The judgment will be reversed and· the cause remanded with directions to the Circuit Court to enter judgment for the appellant against the appellee for $1,276.72.

*Reversed and remanded.*